No. 31,159

EVA ANDERSON and LENORE ANDERSON, *Appellants*, v. J. RICHARD ANDERSON et al., *Appellees*.

(23 P. 2d 474.)

Opinion denying a rehearing filed July 8, 1933. (For original opinion of reversal see 137 Kan. 833, 22 P. 2d 471.)

*Harold W. Herrick*, of Winfield, and *George W. Wood*, of Moline, Ill., for the appellants.

*O. Renn, George Templar, W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *William E. Cunningham*, all of Arkansas City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: In the original opinion it was said the legal effect of the deed to James Anderson and Richard Anderson and their heirs was to convey equal interests to each, and that the legal effect prevails unless the grantees entered into a written agreement with respect to quantity of interest each should hold, or entered into an agreement sanctioned by the statute of trusts. Plaintiffs amended their petition in a belated effort to state an agreement good under the statute of trusts. The amendment was insufficient for the reason stated in the original opinion (*Anderson v. Anderson*, 137 Kan. 833, 838, 22 P. 2d 471). In a petition for rehearing plaintiffs call attention to the fact they offered a further amendment which would have met the defect pointed out by this court, but the district court

refused leave further to amend. It is said leave to amend was not refused as a matter of discretion, and was refused for the erroneous reason the action was barred.

Whether the reason for refusing leave further to amend was good or bad, the court did not err in its judgment, the reasons given being no part of the judgment. Treating the last proposed amendment as made, the petition did not state an agreement sanctioned by the statute of trusts.

Under the statute of trusts, when a conveyance is made to one person and the consideration is paid by another, title vests in the former, unless it be made to appear that by agreement and without fraudulent intent the party to whom the conveyance was made was to hold the land or some interest therein in trust for the party paying the consideration or some part thereof. (R. S. 67-406, 67-408.) Such an agreement must be made when title is taken, and if it does not relate to the entire tract, must relate to some definite share of the land. In this instance there was nothing remotely resembling an agreement between James and Richard that Richard was to hold an aliquot part of half of the land on any terms for anybody.

The petition for rehearing is denied.